**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

David Mabardy, and
Edythe Murphy

    v.                         Case No. 19-cv-223-PB

Grafton County et al.[1]

**REPORT AND RECOMMENDATION[2]**

    Plaintiffs, David Mabardy and Edythe Murphy, have filed an amended complaint (Doc. No. 40), which is the operative complaint in this action,[3] asserting violations of their rights under the United States Constitution and state law.  In addition, Plaintiffs have filed the following documents, which they have identified as exhibits to the amended complaint, or which contain factual assertions which the court construes to addend the amended complaint:

- Documentary Exhibits #1 – #10 (Doc. No. 1-1);

---

[1]The defendants identified in the amended complaint (Doc. No. 40) are: Grafton County, Laurence A. Macleod Jr., David P. Carlson, Paul V. Fitzgerald, Steven Mirkin, Michael Grier, and the Grafton County Superior Court.

[2]Pursuant to an Order issued this date, the May 2, 2019 Report and Recommendation (Doc. No. 35) is vacated and replaced with this Report and Recommendation.

[3]See June 27, 2019 Am. Compl. (Doc. No. 40, at 5) (incorporating the exhibits to the original complaint into the amended complaint by reference and explaining plaintiffs' intention that the amended complaint (Doc. No. 40) entirely supplant the original complaint (Doc. No. 1) and Amendments #1, #2, and #3 (Doc. Nos. 37, 38)).

- "Notice: Trespass on Rights; Regarding [215-2019-CR-00053]" (Doc. No. 2);
- "Motion to Discharge" (Doc. No. 3);
- "Mailing Notice" (Doc. No. 4);
- "Notice: Undue Harm" (Doc. No. 5);
- "Notice: In Equality" (Doc. No. 8);
- "Motion to Discharge for Fraud" (Doc. No. 9);
- "Notice: Excessive Bail Relief Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 11);
- "Notice: Barratry Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 12);
- "Motion to Dismiss Case No. 215-2019-CR-00053" (Doc. No. 13);
- "Motion to Discharge/Dismiss Case No. 215-2019-CR-00053" (Doc. No. 14);
- "Notice: Trespass on Rights Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 15);
- "Motion for Hearing for Emergency Relief from Excessive Bail Regarding Case No. {215-2019-CR-00053}" (Doc. No. 18);
- "Motion for Hearing for Emergency Temporary Injunctive Relief from Matter Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 19);
- "Motion for Hearing to Remove Protection Order: {#NH00583J} Regarding Case No. {215-2019-CR-00053}" (Doc. No. 20);
- "Notice: Private Doctor Evaluation Regarding Case No. {215-2019-CR-00053" (Doc. No. 21);
- "Notice: Unjust Punishment Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 25);
- "Notice: Limitation of Ability, Deprivation of Privacy, and Equality Regarding Case No. 215-2019-CR-{00053}" (Doc. No. 26);
- "Motion to Discharge and Dismiss Regarding Case No. {215-2019-CR-00053" (Doc. No. 27);
- "Hearing Request to Remove Wrongful Protection" (Doc. No. 31);
- "Affidavit of Truth" (Doc. No. 32);
- "Affidavit of Bail" (Doc. No. 33);
- Documentary exhibits to the amended complaint (Doc. Nos. 43, 57);
- "Verified Emergency Motion to Stay State Court Proceedings and Estoppel by Conduct" (Doc. No. 52);

- "Response by Objection and Correction to Doc No. 46, 46-1, 50, 51" (Doc. No. 54);
- "Claimant(s) Traverse and Notice of Error [Regarding: Docket Entry 61, ORDER], Good Faith Objection Now for Then, Motion to Reconsider" (Doc. No. 64);
- "Claimant[s] Response to Docket Entry [55, 55-1] Liable(s), Exception to Formal Accusation, Reinforce Docket Entry [47, 52] to Object/Protest Abstention" (Doc. No. 66);
- "Claimant(s) Exception to liable(s) Docket Entry [50], Grafton's Reply Memorandum in Support of [40] Liable(s) Motion to Dismiss, Trustee's PUBLIC NOTICE: Writ of Attachment . . . – (Exhibit 1-PN), to Challenge the Ownership and Use of Personal Property" (Doc. No. 67);
- "Notice: 'Conflict of Interest'" (Doc. No. 68);
- "Notice: 'Bad Faith'" (Doc. No. 69);
- "Notice: 'Wrongful Conversion'" (Doc. No. 74);
- "Notice: 'Two Elements of Proof'" (Doc. No. 75);
- Documents related to September 2019 Notice of Lien (Doc. No. 76);
- "Claimant(s) Reply to Grafton County Defendants' Objection to Docket Entry [73], Docket Entry [80]" (Doc. No. 82); and
- "Notice: 'Oversite [sic]'" (Doc. No. 83).

The amended complaint (Doc. No. 40) and the factual assertions in the above-listed documents (Doc. Nos. 1-1, 2-5, 8, 9, 11-15, 18-21, 25-27, 31-33, 43, 52, 54, 57, 64, 66-69, 74-76, 82, 83) are before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

Also before the court are the following motions the plaintiffs have filed in this matter:

- "Motion to Discharge" (Doc. No. 3);
- "Motion to Discharge for Fraud" (Doc. No. 9);
- "Motion to Dismiss Case No. 215-2019-CR-00053" (Doc. No. 13);
- "Motion to Discharge/Dismiss Case No. 215-2019-CR-00053" (Doc. No. 14);

3

- "Motion for Hearing for Emergency Relief from Excessive Bail Regarding Case No. {215-2019-CR-00053}" (Doc. No. 18);
- "Motion for Hearing for Emergency Temporary Injunctive Relief from Matter Regarding Case No. 215-20190-CR-{00053}" (Doc. No. 19);
- "Motion for Hearing to Remove Protection Order: {#NH00583J} Regarding Case No. {215-2019-CR-00053}" (Doc. No. 20);
- "Motion to Discharge and Dismiss Regarding Case No. {215-2019-CR-00053}" (Doc. No. 27);
- "Verified Emergency Motion to Stay State Court Proceedings and Estoppel by Conduct" (Doc. No. 52); and
- "Motion for Partial Summary Judgment" (Doc. No. 71).

Certain defendants to this action have also filed the following motions in this matter:

- "Grafton County Defendants' Motion to Dismiss, Pursuant to FRCP 23(b)(6)" (Doc. No. 7);
- "Grafton County Defendants' Amended [Renewed] Motion to Dismiss Amended Complaint (No. 40), Pursuant to FRCP 12(b)(6)" (Doc. No. 46); and
- "Motion to Dismiss on Behalf of Defendant Michael Grier" (Doc. No. 51).

The court addresses the parties' above-listed motions (Doc. Nos. 3, 7, 9, 13, 14, 18-20, 27, 46, 51, 52, 71) in this Report and Recommendation.


## Background

This action relates to criminal charges previously and currently pending against Mabardy in the Grafton County Superior Court ("GCSC"): State v. Mabardy, No. 215-2019-CR-053 (N.H. Super. Ct., Grafton Cty.) ("Criminal Case I"); and State v. Mabardy, No. 215-2019-CR-317 (N.H. Super. Ct., Grafton Cty.)

("Criminal Case II").  Both of those criminal cases relate to
events underlying Mabardy's February 14, 2019 arrest for Second
Degree Assault-Domestic Violence.

On February 14, 2019, Defendant Holderness Police
Department ("HPD") Officer David Grier, and other HPD officers
who are not defendants here, arrested Mabardy and charged him
with Second Degree Assault-Domestic Violence, alleging that
Mabardy had recklessly caused serious bodily injury to Murphy,
Mabardy's girlfriend.  Murphy asserts that during the incident
in question, she "slipped and fell and broke her wrist," and
that "[t]he fall was an accident, not assault."  Aff. of Truth
of Edythe Murphy (Doc. No. 32, at 1).  The plaintiffs assert
that Murphy never accused Mabardy of harming her and never
sought to have Mabardy prosecuted.  The plaintiffs further
assert that when Officer Grier arrested and charged Mabardy, he
did so without any firsthand knowledge of the facts underlying
the alleged offense.  Plaintiffs claim that Officer Grier failed
to sufficiently investigate the facts of the alleged offense
before arresting Mabardy, and failed to obtain verification of
the criminal allegations from Murphy or any other accuser.

On February 15 or 16, 2019, GCSC Judge Lawrence MacLeod
found probable cause to detain Mabardy pending trial, and issued
an order setting Mabardy's bail at $20,000 cash only and
imposing bail conditions, including an order that Mabardy have

no contact with Murphy.  See Feb. 15, 2019 Order, Criminal Case I.  Plaintiffs state that Murphy did not at any time request that the court impose a no-contact order.  Plaintiffs also assert that Murphy asked the Victim Witness Advocate at the Grafton County Attorney's Office for guidance as to how to remove the "no contact" order, but that office refused to assist her, as the prosecutor, Deputy Grafton County Attorney ("DGCA") Paul Fitzgerald, insisted that the order remain in place.  Mabardy was detained for more than two months at the Grafton County House of Corrections before Murphy posted his bail.

On February 19, 2019, while still detained pretrial, Mabardy filed a number of documents in the GCSC, including a request for a bail reduction and a notice of declination of court-appointed counsel.  On February 21, 2019, the GCSC held a status of counsel hearing, at which Mabardy again attempted to decline appointed counsel, and indicated his desire to represent himself in his criminal case.  At that hearing, Judge MacLeod conducted a "Faretta"[4] colloquy with Mabardy, denied Mabardy's request to waive counsel, and appointed Attorney Steven Mirkin to represent Mabardy in Criminal Case I.  See Feb. 22, 2019 Order, Criminal Case I.  That appointment obligated Mabardy to pay $825.00 to the State of New Hampshire's Office of Cost

---

[4]See Faretta v. California, 422 U.S. 806 (1975).

Containment.  The court did not address any of Mabardy's
February 19, 2019 filings at the February 21, 2019 hearing.

Plaintiffs also assert that at the February 21, 2019
hearing, Mabardy advised the court and prosecutor that he was
prepared to go to trial on that date, and that he wanted to go
to trial, and have the opportunity to confront his accuser, on
that date.  The court denied that request.

On February 22 or 23, 2019, after Attorney Mirkin had been
appointed, Mabardy attempted to file documents on his own behalf
in the GCSC.  GCSC Clerk David Carlson would not accept
Mabardy's pro se filings because, at that time, Mabardy was
represented by Attorney Mirkin.  The plaintiffs further allege
that Clerk Carlson never scheduled a hearing on Mabardy's
February 19, 2019 request for a bail reduction, and Attorney
Mirkin never sought a bail reduction on Mabardy's behalf, which
resulted in Mabardy's subjection to extended pretrial detention.

On June 3, 2019, Judge MacLeod dismissed the charge against
Mabardy in Criminal Case I without prejudice, and vacated the
bail order in that matter, because Mabardy was not indicted
within ninety days of his arrest.  See June 3, 2019 Order,
Criminal Case I (Doc. No. 40, at 32).  However, a Grafton County
grand jury returned an indictment against Mabardy on July 19,
2019, again charging Mabardy with Second Degree Assault –
Domestic Violence, arising from the events underlying Mabardy's

February 14, 2019 arrest.  See July 19, 2019 Indictment,

Criminal Case II (Doc. No. 46-2).  Criminal Case II is pending

in the GCSC.

An arraignment on the July 2019 indictment was scheduled on

August 13, 2019.  Mabardy asserts that he was not given proper

or timely notice of the arraignment, and that as a result, he

was unable to attend the arraignment.  According to the GCSC

Case Summary for Criminal Case II, Mabardy did not appear for

his scheduled August 13, 2019 arraignment, and a warrant issued

for Mabardy's arrest on August 20, 2019.  Mabardy states that he

is presently in fear of losing his liberty and suffering other

harm with regard to Criminal Case II, because he could not (and

did not) appear at the August 13, 2019 arraignment.

## Preliminary Review

I.    Standard

The court may dismiss claims asserted in a complaint filed

by a pro se plaintiff who was incarcerated at the time the

complaint was filed, if the court lacks subject matter

jurisdiction, a defendant is immune from the relief sought, the

complaint fails to state a claim, or the action is frivolous or

malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).  In

determining whether a pro se pleading states a claim, the court

construes the pleading liberally.  See Erickson v. Pardus, 551

8

U.S. 89, 94 (2007).  In conducting this preliminary review, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II.   Identification of Parties and Nature of Action

### A.   Plaintiffs and Defendants

In their amended complaint the plaintiffs refer to themselves as "claimants," and refer to the parties against whom this suit is brought as "libellants."  This action is a civil action.  Mabardy and Murphy are thus properly referred to as "plaintiffs," and the individuals against whom they seek to proceed in this matter are properly referred to as "defendants."

### B.   Private Member Association

Mabardy is identified in the plaintiffs' filings as "David Mabardy, Private Member Association," or as "Trustee for David Mabardy Private Member Association."  To the extent either Mabardy or Murphy, who are each representing themselves in this action, intend to represent any person or entity other than themselves in this matter, including a "Private Member

Association," they are prohibited from doing so, as self-represented litigants cannot prosecute claims in this court on behalf of any person or entity other than themselves.  See 28 U.S.C. § 1654; LR 83.2(d).  Further, this court's local rules require that a "corporation, unincorporated association, or trust" appear in this court only through licensed counsel.  See LR 83.6(c).  Accordingly, the court construes this action to have been brought by Mabardy, an individual plaintiff acting only on his own behalf, and Murphy, an individual plaintiff acting only on her own behalf.  The rights of parties neither personally appearing in this matter on their own behalf, nor represented by counsel, are not properly asserted in this action by the plaintiffs.  Accordingly, the district judge should: dismiss all of the claims asserted by or on behalf of the Private Member Association referenced in the plaintiffs' filings, and dismiss the Private Member Association from this action to the extent it is purported to be a party hereto.

### C.   Complaint in Civil Action

Plaintiffs assert that this action "is a verifiable Claim, not a Complaint."  Pls.' Resp. by Obj. and Corr. to Doc. Nos. 46, 46-1, 5-, 51 (Doc. No. 54, at 9).  While plaintiffs' requests for relief are presented as "claims," a civil action filed in this court must be initiated by the filing of a

"complaint" in which plaintiffs' claims are asserted.  See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court." (emphasis added)); see also Fed. R. Civ. P. 2 ("There is one form of action – the civil action."). Accordingly, notwithstanding plaintiffs' purported authority to the contrary, this action is a civil action, initially brought by complaint (Doc. No. 1), now pursued by amended complaint (Doc. No. 40), asserting claims for relief.

III. <u>Claims</u>

Generously construed, the factual assertions in the amended complaint and addenda thereto assert the following claims, for which the plaintiffs seek damages and injunctive relief under state law where indicated, and for violations of their federal rights, under 42 U.S.C. § 1983:

> 1.   HPD Officer David Grier improperly arrested Mabardy for a felony offense on February 14, 2019, and improperly identified Murphy as the victim of and witness to that crime, without having personal knowledge or verification of the facts by any victim/accuser, and without sufficiently investigating the offense, where the totality of the circumstances did not provide probable cause to arrest Mabardy, in violation of:
>
>> a.   Mabardy's Fourth Amendment right, and rights under state law, not to be subjected to unreasonable seizures of his person, by subjecting Mabardy to:
>>
>>> i.   False Arrest,
>>> ii.  False Imprisonment, and
>>> iii. Malicious Prosecution;

     b.   Mabardy's Fourth Amendment and state law right to privacy;

     c.   Mabardy's Fourteenth Amendment right and state law right to the presumption of innocence in the absence of a criminal conviction;

     d.   Mabardy's Fourteenth Amendment and state law right to equal protection; and

     e.   Murphy's First Amendment right of association, and state law rights to "privacy, self-determination, good conscience, private association and creed," to the extent Grier gave her the stigmatizing and false label of "victim."

2.   GCSC Judge Laurence MacLeod, acting in concert with DGCA Paul Fitzgerald, subjected Mabardy to excessive bail, after Mabardy stated his intention to decline court-appointed counsel, by setting Mabardy's bail at $20,000 cash only, and by ordering that, as a condition of bail, Mabardy have no contact with Edythe Murphy, as Mabardy has no history of violence, and where Murphy neither accused Mabardy of violent behavior nor requested a "no contact" order, in violation of:

     a.   Mabardy's Eighth and Fourteenth Amendment right not to be subject to excessive bail;

     b.   Mabardy's Fourteenth Amendment right to the presumption of innocence, and not to be subject to punishment, in the absence of a criminal conviction;

     c.   Mabardy's Sixth Amendment right to decline court-appointed counsel;

     d.   Mabardy's and Murphy's Fourth Amendment and state law rights to privacy; and

     e.   Mabardy's and Murphy's First Amendment right of association.

3.   DGCA Paul Fitzgerald refused to seek removal of the "no contact" order issued by the GCSC in Criminal Case I after Murphy informed his office that there was no need for that order, that it had been obtained on her behalf without her consent, and that she did not wish to have the order in

effect, but instead wished to have contact with Mabardy, as Mabardy had never been violent to her and she did not fear Mabardy, in violation of:

a.    Mabardy's and Murphy's Fourth Amendment and state law right to privacy;

b.    Mabardy's and Murphy's First Amendment right of association;

c.    Mabardy's and Murphy's Fourteenth Amendment rights to due process and equal protection; and

d.    Mabardy's and Murphy's rights under the New Hampshire Constitution, Part 1, Articles 1, 2, 2(b), 4, and 5.

4.    GCSC Clerk David Carlson refused to schedule a hearing on Mabardy's request for a bail reduction, in violation of Mabardy's:

a.    Eighth Amendment right not to be subject to excessive bail; and

b.    Fourteenth Amendment right not to be deprived of his liberty without due process.

5.    GCSC Judge Laurence MacLeod and DGCA Paul Fitzgerald refused Mabardy's request for a trial on February 21, 2019, in violation of Mabardy's Sixth Amendment right to confront the witnesses and evidence against him, and present all proofs favorable on his own behalf.

6.    With regard to Criminal Case I, GCSC Judge Laurence MacLeod and DGCA Paul Fitzgerald effected Mabardy's detention and prosecution on a Second Degree Assault-Domestic Violence charge, in the absence of probable cause for that offense, in violation of Mabardy's Fourth Amendment and state law rights not to be subjected to unreasonable seizures of his person, by causing Mabardy to be subject to:

a.    False Imprisonment, and

b.    Malicious Prosecution.

7.   GCSC Judge Laurence MacLeod and Attorney Steven Mirkin required Mabardy to proceed in Criminal Case I with court-appointed counsel, and denied Mabardy's request to represent himself in that matter, in violation of:

    a.   Mabardy's Sixth Amendment right to represent himself in his criminal case;

    b.   Mabardy's Sixth and Fourteenth Amendment right to access the courts;

    c.   Mabardy's Fourteenth Amendment due process rights, as requiring Mabardy to proceed with court-appointed counsel caused Mabardy to become an involuntary "ward of the court"; and

    d.   Part 1, Article 9 of the New Hampshire Constitution.

8.   Attorney Steven Mirkin requested that the GCSC determine Mabardy's mental competency to stand trial, and GCSC Judge Laurence MacLeod allowed the request, and ordered Mabardy to be evaluated by a court-appointed psychologist without Mabardy's consent, despite Mabardy's offer to provide the court with a copy of two recent reports prepared by a private doctor finding that Mabardy was mentally competent, and his offer to submit to another evaluation by a private doctor rather than the court-appointed evaluator, in violation of Mabardy's:

    a.   Fourteenth Amendment rights to equal protection and due process; and

    b.   Fourth Amendment right to privacy.

9.   DGCA Paul Fitzgerald failed to disclose exculpatory evidence to Mabardy in his state criminal case, including Murphy's statements indicating that Mabardy did not assault Murphy, in violation of Mabardy's Fourteenth Amendment right to due process.

10.  GCSC Clerk David Carlson refused to accept documents Mabardy filed on February 22 or 23, 2019, including a declination of court-appointed counsel, on the basis that Mabardy was then represented by counsel, in violation of Mabardy's:

  a. Sixth and Fourteenth Amendment rights to access the courts;

  b. Sixth Amendment right to represent himself in his criminal proceedings; and

  c. rights relating to "extrinsic fraud."

11. DGCA Paul Fitzgerald sought and obtained a grand jury indictment charging Mabardy with Second Degree Assault on July 19, 2019, in Criminal Case II: without direct evidence from an accuser or injured party concerning the events upon which the indictment is based; without presenting to the grand jury "substantial exculpatory evidence" known to DGCA Fitzgerald; and in retaliation for Mabardy's and Murphy's filing of this lawsuit, in violation of:

  a. Mabardy's Sixth and Fourteenth Amendment rights to a fair and impartial grand jury;

  b. Mabardy's and Murphy's First Amendment right to petition the government for a redress of grievances by filing a civil lawsuit;

  c. Mabardy's Fifth and Fourteenth Amendment right not to be twice placed in jeopardy for a single offense; and

  d. Mabardy's Fourth Amendment and state law rights not to be subjected to a malicious prosecution.

12. In Criminal Case II, the GCSC failed to provide Mabardy with proper notice of an arraignment scheduled for August 13, 2019, resulting in Mabardy's nonattendance at the arraignment, and subjecting Mabardy to a risk of arrest and detention, in retaliation for Mabardy's and Murphy's pursuit of this lawsuit, in violation of:

  a. Mabardy's Fourteenth Amendment due process rights; and

  b. Mabardy's and Murphy's First Amendment right to petition the government for a redress of grievances by filing a civil lawsuit.

13. DGCA Paul Fitzgerald and GCSC Judge Laurence MacLeod are acting without jurisdiction, to the extent they have

acted to bring or maintain Criminal Case II against
Mabardy, in violation of:

> a.  Mabardy's Fourteenth Amendment due process right
> not to be tried by a court without jurisdiction over
> his criminal prosecution;
>
> b.  Mabardy's Fifth and Fourteenth Amendment right
> not to be twice placed in jeopardy for the same
> offense; and
>
> c.  Mabardy's Sixth Amendment right to have his
> criminal case tried before an impartial judge.

14.  The defendants' actions which violated plaintiffs'
rights in Criminal Case I constituted fraud in the
inducement and fraud upon the court under state law.

15.  Defendants, in connection with Mabardy's February 14,
2019 arrest, and ensuing detention and prosecution, engaged
in conduct which constituted the crimes of: Personage,
Barratry, Peonage, Slavery, Trafficking in Persons,
Extortion, Fraud, and Conversion/Theft.

16.  The defendants' actions with regard to Criminal Case I
and Criminal Case II denied Mabardy and/or Murphy their
rights to self-determination, "right to creed," property
rights, and rights under Part 1, Articles 1 and 2 of the
New Hampshire Constitution;

17.  The defendants' actions with regard to Criminal Case I
and Criminal Case II constituted the exercise of "forceful
police power" which was not authorized by, and/or violated:
a "bi-lateral social compact"; the Law of Nations; the
Universal Declaration of Human Rights; the Bible; the
Uniform Commercial Code; the Declaration of Independence;
the Federalist Papers; Robert's Rules of Order; or the
Texas Constitution.


IV.  <u>Grafton County</u>

Plaintiffs have named Grafton County as a defendant to this

action.  A plaintiff who brings claims under 42 U.S.C. § 1983

against a municipality like Grafton County "'must officer sufficient facts to permit the court to identify an unconstitutional custom or policy of the [municipality] that was the moving force behind the injury alleged.'" Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Plaintiffs have not asserted any facts in the amended complaint alleging that either or both of them have been injured by any Grafton County policy or custom. Accordingly, the district judge should dismiss all claims against Grafton County and should dismiss the County as a party defendant from this action, as the plaintiffs have not stated any federal claim upon which relief can be granted against that defendant.


V.    Criminal Conduct

In the claim identified above as Claim 15, the plaintiffs assert that the defendants in this case have engaged in criminal conduct. "Private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and alterations omitted). Because the plaintiffs cannot state a

private cause of action based on the defendants' alleged
violation of criminal laws, the district judge should dismiss
Claim 15.

VI.    Noncognizable Claims

As to Claims 7(d), 16, and 17, neither plaintiffs' claims,
nor the asserted sources of authority for the rights they
reference, give rise to any private cause of action cognizable
in this court.  Accordingly, the district judge should dismiss
Claims 7(d), 16, and 17.

VII. Claims Seeking Injunctive Relief in Criminal Case I

In the claims identified above as Claims 2(a)-(e), 3(a)-
(d), 4(a)-(b), 5, 6(a)-(b), 7(a)-(c), 8(a)-(b), 9, 10(a)-(c),
and 14, the plaintiffs seek injunctive relief, in that they have
asked this court to issue orders directing the defendants to
take certain actions in Criminal Case I.  As stated above,
Criminal Case I has been dismissed.  Accordingly, to the extent
plaintiffs seek injunctive relief as to Claims 2(a)-(e), 3(a)-
(d), 4(a)-(b), 5, 6(a)-(b), 7(a)-(c), 8(a)-(b), 9, 10(a)-(c),
and 14, their claims are moot, and the district judge should
dismiss those claims.

VIII. Immunity

18

A.  Judicial Immunity

    1.  Damages Claims

Plaintiffs name Judge MacLeod as a defendant to the claims identified above as Claims 2(a)-(e), 5, 6(a)-(b), 7(a)-(c), 8(a)-(b), 13(a)-(c), and 14.  "[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam).  Judicial immunity from claims for damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." Zenon, 924 F.3d at 616.

Judge MacLeod's conduct which the plaintiffs alleged caused one or both of them harm, and which underlies Claims 2(a)-(e), 5, 6(a)-(b), 7(a)-(c), 8(a)-(b), 13(a)-(c), and 14, was undertaken while he was performing judicial functions, including setting bail, scheduling hearings and trial, ruling on the parties' motions, and appointing counsel.  Accordingly, Judge MacLeod is entitled to absolute immunity as to Claims 2(a)-(e), 5, 6(a)-(b), 7(a)-(c), 8(a)-(b), 13(a)-(c), and 14, and the district judge should dismiss those claims as asserted against

Judge MacLeod, to the extent they seek damages.

### 2.    Federal Claims for Injunctive Relief

In amending 42 U.S.C. § 1983 in 1996, Congress barred litigants from pursuing claims for injunctive relief, for violations of their federal rights, asserted against judges for actions taken in their judicial capacity.  See Pub. L. No. 104-317, 110 Stat. 3847 (codified as amended at 42 U.S.C. § 1983) ("'[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'"). That amendment extends the immunity afforded to judges for claims for damages to cover claims for injunctive relief "'unless a declaratory decree was violated or declaratory relief was unavailable.'" Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (quoting § 1983).  There is no suggestion in the pleadings that a declaratory decree has been violated, or that declaratory relief has been unavailable.  Accordingly, Claims 13(a)-(c) should be dismissed, to the extent they seek injunctive relief and are asserted against Judge Macleod.

### B.    Quasi-Judicial Immunity

Plaintiffs name GCSC Clerk David Carlson as a defendant to the claims for damages identified above as Claims 4(a)-(b), 10(a)-(c), and 14. Absolute quasi-judicial immunity bars damages claims against court personnel performing discretionary functions which are an integral part of the judicial process. See Wymore v. Green, 245 F. App'x 780, 783 (10th Cir. 2007); Ceparano v. Southampton Justice Ct., 404 F. App'x 537, 539 (2d Cir. 2011).

Here, Clerk Carlson's conduct which is alleged to have violated Mabardy's rights – not scheduling a bail hearing, and refusing to accept Mabardy's pro se filings while Mabardy was represented by counsel – are duties integrally related to the judicial process, and Carlson is thus entitled to absolute immunity for those acts. See Catanzaro v. Davis, 686 F. App'x 91, 94 (3d Cir. 2017) (clerk's office personnel "absolutely immune for their role in helping the Court to 'control its docket'" (citation omitted)); Jackson v. Pfau, 523 F. App'x 736, 737-38 (2d Cir. 2013)("'[c]ourts have extended the absolute judicial immunity afforded judges to individuals . . . who perform functions closely associated with the judicial process" and "judges and their supporting staff are absolutely immune in matters regarding '[a] court's inherent power to control its docket'" (citation omitted)); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (clerk's duties in filing documents was an

integral part of the judicial process, thus clerk's intentional delay in filing pleading protected by absolute judicial immunity); Mullis v. U.S. Bankr. Ct., 828 F.2d 1385, 1390 (9th Cir. 1987) (clerk's refusal to accept amended complaint was integral part of judicial process and clerk thus entitled to immunity).  Accordingly, the district judge should dismiss Claims 4(a)-(b), 10(a)-(c), and 14, to the extent they seek damages and are asserted against Clerk Carlson.

C.    Prosecutorial Immunity

Plaintiffs name DGCA Paul Fitzgerald, the prosecutor in Criminal Case I and Criminal Case II, as a defendant to the claims identified above as Claims 2(a)-(e), 3(a)-(d), 5, 6(a)-(b), 9, 11(a)-(d), 13(a)-(c), and 14.  "[P]rosecutors are absolutely immune in exercising the core prosecutorial functions of 'initiating a prosecution and . . . presenting the State's case,'" Penate v Kaczmarek, 928 F.3d 128, 135 (1st Cir. 2019) (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976), "'and which occur in the course of his role as an advocate for the state'" Penate, 928 F.3d at 136 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

DGCA Fitzgerald's conduct underlying Claims 2(a)-(e), 3(a)-(d), 5, 6(a)-(b), 9, 11(a)-(d), 13(a)-(c), and 14, which is alleged to have violated the plaintiffs' rights, was undertaken

as part of the core prosecutorial functions of bringing and maintaining criminal cases, engaging in discovery, and seeking bail.  Accordingly, to the extent plaintiffs seek damages for those claims, DGCA Fitzgerald enjoys absolute immunity from suit, and the district judge should dismiss Claims 2(a)-(e), 3(a)-(d), 5, 6(a)-(b), 9, 11(a)-(d), 13(a)-(c), and 14, to the extent they are asserted against him.

### D.  Eleventh Amendment Immunity

In Claim 12, as identified above, the plaintiffs assert that the GCSC failed to provide Mabardy with proper notice of his scheduled arraignment in Criminal Case II.  The plaintiffs do not name an individual responsible for that alleged failure.[5] The Eleventh Amendment generally precludes suits against states by private individuals in federal court, absent certain exceptions not applicable here.  See Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253-54 (2011); Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014).  A state court is treated like a state for purposes of the Eleventh Amendment.  See Doe v. Meyers, No. 18-cv-1039-JD, 2019 WL 4060068, at *2, 2019 U.S.

---

[5]To the extent the plaintiffs intended to bring Claim 12 seeking damages from a judge or a member of the court clerk's office, such defendants would be shielded by absolute judicial immunity, or quasi-judicial immunity, respectively, rendering such a damages claim unviable and properly dismissed from this case.

Dist. LEXIS 146160, at *6 (D.N.H. Aug. 28, 2019) (collecting
cases).  Accordingly, the district judge should dismiss Claim
12, including its subparts.  The district judge should also
dismiss the GCSC as a party defendant from this case.

IX.   <u>Federal Constitutional Claims Against Attorney Mirkin</u>

Plaintiffs have asserted federal constitutional claims in
this action, identified above as Claims 7(a)-(c) and 8(a)-(b),
against Attorney Mirkin, Mabardy's court-appointed public
defender.  Section 1983 provides a cause of action for damages
for the deprivation of a federally secured right by a person
"acting under the color of state law." Doucette v. Georgetown
Pub. Sch., 936 F.3d 16, 23 (1st Cir. 2019).  In general, a
"public defender does not act under color of state law when
performing a lawyer's traditional functions as counsel to a
defendant in a criminal proceeding." Polk Cty. v. Dodson, 454
U.S. 312, 325 (1981).  A public defender can be held to have
engaged in state action for purposes of § 1983 only under
limited circumstances, none of which are present here.  See
Georgia v. McCollum, 505 U.S. 42, 54 (1992) (describing
circumstances under which public defender could be deemed to be
state actor for purposes of § 1983).

Stripped of legal conclusions, the plaintiffs' filings fail
to demonstrate that Attorney Mirkin was acting under color of

state law at any time during his representation of Mabardy.
Accordingly, the district judge should dismiss Claims 7(a)-(c)
and 8(a)-(b) to the extent they are asserted against Attorney
Mirkin.

X.    Abstention Under *Younger v. Harris*

Upon approval of this Report and Recommendation, the claims
which will remain in this action are those identified above as:
Claims 1(a)-(e), for damages and injunctive relief, asserted
against Officer Grier; Claim 11(a)-(d), for injunctive relief,
asserted against DGCA Fitzgerald; Claim 13(a)-(c), for
injunctive relief, asserted against DGCA Fitzgerald; and Claim
14, for damages, asserted against Attorney Mirkin and Officer
Grier.  Those claims trigger this court's obligation to abstain
under Younger v. Harris, 401 U.S. 37 (1971).

The Younger abstention doctrine generally requires federal
courts to abstain from enjoining or issuing declaratory relief
that would affect ongoing state criminal prosecutions, ongoing
state civil enforcement proceedings that resemble prosecutions,
and other ongoing civil proceedings that "'implicate a State's
interest in enforcing the orders and judgments of its courts,'"
absent extraordinary circumstances. Sirva Relocation, LLC v.
Richie, 794 F.3d 185, 192 (1st Cir. 2015) (quoting Sprint
Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)).  Younger

generally requires abstention if the pending state proceeding (1) is "judicial in nature," (2) "implicates important state interests," and (3) provides an adequate opportunity for the federal plaintiff to assert his or her federal claims or defenses.  Sirva Relocation, 794 F.3d at 196.

When those preconditions are satisfied, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive or declaratory relief, unless an exception to Younger applies.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Sirva Relocation, 794 F.3d at 192.  The few extraordinary circumstances where abstention is not required include state proceedings brought in bad faith for purposes of harassment, state cases in which the state forum provides inadequate protection of federal rights, and circumstances where the state statute at issue in the proceedings is "'flagrantly and patently violative of express constitutional prohibitions.'"  Sirva Relocation, 794 F.3d at 192 (citations omitted).

Here, Criminal Case II is a criminal proceeding, judicial in nature, which is pending in the state courts.   Therefore, Younger's first precondition, that there be an ongoing state judicial proceeding, is satisfied.

Criminal Case II also implicates the important state interest in resolving alleged violations of state criminal law,

and in controlling the manner in which criminal cases are
conducted in the state courts.  This court's further
consideration of the merits of Claims 1(a)-(e), 11(a)-(d),
13(a)-(c), and 14, to the extent those claims remain in this
case, would interfere with the state court's consideration and
resolution of those important state interests.  Further, the
state court proceedings in Criminal Case II will provide an
adequate opportunity to raise the issues asserted here, and
adverse decisions of the state's trial courts can be appealed to
the New Hampshire Supreme Court.  None of the exceptions to
Younger abstention apply here.

Therefore, this court's further consideration, at this
time, of Claims 1(a)-(e), 11(a)-(d), 13(a)-(c), and 14, to the
extent those claims remain in this action, is precluded by
Younger.  To the extent the plaintiffs seek equitable or
injunctive relief as to Claims 1(a)-(e), 11(a)-(d), 13(a)-(c),
and 14, the appropriate means of abstain therefrom, dismissal
without prejudice is the appropriate means of abstaining under
Younger.  To the extent the plaintiffs seek damages for Claims
1(a)-(e) and 14, staying those claims is the appropriate means
of abstaining under Younger.  See Rossi v. Gemma, 489 F.3d 26,
38 (1st Cir. 2007).  Accordingly, the district judge should
dismiss, without prejudice, Claims 1(a)-(e) (to the extent those
claims seek injunctive relief), 11(a)-(d), 13(a)-(c), and 14,

without prejudice; and should stay Claims 1(a)-(e) and 14 (to the extent the plaintiffs seek damages for those claims).[6]

## Motions

### I.    Plaintiff's Motions Filed Before June 3, 2019

Plaintiffs' motions seeking discharge and/or dismissal of, or relief from the bail order issued in, Criminal Case I (Doc. Nos. 3, 9, 13, 14, 18-20, 27) were rendered moot by the June 3, 2019 dismissal of Criminal Case I.  Accordingly, the district judge should deny those motions as moot.

### II.   Motions to Disqualify "Lawyer-Judges"

Plaintiffs move to disqualify all judges who are also attorneys from presiding over or making rulings in this case. The motion is grounded on the plaintiffs' belief that judges who are lawyers will be biased in favor of the defendants here, as at least some of those parties will be represented in this case by lawyers.  See Doc. Nos. 40, 54, 64.  This court holds no such bias, and the fact that the judges in this court are lawyers does not present any reasonable basis for recusal or disqualification.  Accordingly, plaintiffs' requests (Doc. Nos.

---

[6]If the district judge approves this recommendation to stay Claims 1(a)-(e) and 14 to the extent those claims seek damages, the court will issue a further Order regarding the terms and conditions of that stay.

40, 54, 64) to disqualify all "lawyer judges" from hearing this case are denied.


III. Defendants' Motions to Dismiss

The Grafton County defendants filed a motion to dismiss (Doc. No. 7) the initial complaint.  As that complaint has been replaced by the amended complaint (Doc. No. 40), which is the operative complaint in this matter, the district judge should deny the Grafton County defendants' motion to dismiss the original complaint (Doc. No. 7) as moot.

The Grafton County defendants and Officer Grier have now filed motions (Doc. Nos. 46, 51) to dismiss the amended complaint.  Pursuant to an Order issued this date, those motions are taken under advisement and will be addressed after the district judge rules on this Report and Recommendation.


IV.  Plaintiffs' Motion to Stay Criminal Case II

Plaintiffs have filed a motion (Doc. No. 52) asking this court to stay the state court proceedings in Criminal Case II. For the reasons set forth above, the Younger abstention doctrine prevents this court from enjoining or staying that ongoing state court matter.  The district judge, therefore, should deny the plaintiffs' motion (Doc. No. 52) to stay the proceedings in Criminal Case II.

V.    Plaintiffs' Motion for Partial Summary Judgment

The plaintiffs have filed a motion for partial summary judgment (Doc. No. 71), arguing that this court should grant judgment in their favor as to the claims asserted against Judge MacLeod, Clerk Carlson, and Attorney Mirkin, as those defendants have neither appeared in this case nor responded to the amended complaint.  The relief plaintiffs seek in that motion is the entry of a default and/or default judgment against those defendants.

When this case was initially filed, Mabardy was incarcerated.  Accordingly, for purposes of preliminary review, this court has treated this matter as a prisoner complaint.  In a civil action filed by a prisoner, a defendant need not respond to the complaint until the court completes preliminary review, under 28 U.S.C. § 1915A(a), and directs service on that defendant.  See Askew v. Holder, No. CIV.A. 12-0221, 2013 WL 595893, at *1, 2013 U.S. Dist. LEXIS 21601, *1-*2 (D.D.C. Feb. 15, 2013) (collecting cases).  The court has not yet directed that any defendant be served with the complaint in this matter.

As the defendants here have not yet been obliged to appear or answer, the entry of default or default judgment against any defendant in this case is not warranted.  Accordingly, the

district judge should deny plaintiff's motion for partial

summary judgment (Doc. No. 71).

## Conclusion

For the foregoing reasons, it is recommended that the

district judge:

1.   Dismiss without prejudice Claims 1(a)-(e), 11(a)-(d),
13(a)-(c), and 14, to the extent they seek injunctive
relief against any defendant other than Judge MacLeod,
Grafton County, or the GCSC, under <u>Younger</u>;

2.   Stay Claims 1(a)-(e) and 14, to the extent they seek
damages against any defendant remaining in this case, under
<u>Younger</u>;

3.   Dismiss the following claims in this action with
prejudice:

    a.   Claims 2(a)-(e), 3(a)-(d), 4(a)-(b), 5, 6(a)-(b),
    7(a)-(d), 8(a)-(b), 9, 10(a)-(c), 11(a)-(d), 12, 13(a)-
    (c), and 14, to the extent they seek damages and are
    asserted against Judge MacLeod, Clerk Carlson, DGCA
    Fitzgerald, and/or the GCSC;

    b.   Claims 2(a)-(e), 3(a)-(d), 4(a)-(b), 5, 6(a)-(b),
    7(a)-(d), 8(a)-(b), 9, 1(a)-(c), and 14, to the extent
    they seek injunctive relief and are asserted against
    any defendant, as moot;

    c.   Claims 7(a)-(d) and 8(a)-(b) to the extent they
    are asserted against Attorney Mirkin;

    d.   Claims 13(a)-(c), to the extent they seek
    injunctive relief and are asserted against Judge
    Macleod;

    e.   Claim 12, to the extent it seeks injunctive
    relief, and is asserted against Judge MacLeod or the
    GCSC; and

    f.   Claims 15, 16, and 17, in their entirety;

4.   Dismiss all party plaintiffs from this action, other than David Mabardy and Edythe Murphy;

5.   Dismiss all of the party defendants from this action other than Officer Grier and Attorney Mirkin; and

6.   Deny the following motions in this action:

   a.   Plaintiffs' motions seeking injunctions affecting Criminal Case I (Doc. Nos. 3, 9, 13, 14, 18-20, 27) as moot;

   b.   Plaintiffs' motions and requests to disqualify "Lawyer-Judges" (Doc. Nos. 40, 54, 64);

   c.   Grafton County defendants' motion to dismiss initial complaint (Doc. No. 7) as moot;

   d.   Plaintiffs' Motion to Stay Criminal Case II (Doc. No. 52); and

   e.   Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 71).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

November 22, 2019

cc:  David Mabardy, pro se
     John A. Curran, Esq.
     Brian J. S. Cullen, Esq.